

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00100-CR

**SUSAN MEADOR,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 220th District Court
Bosque County, Texas
Trial Court No. 14,273

## MEMORANDUM OPINION

After Susan Meador entered an open guilty plea to the state-jail felony offense of theft by check of $1,500 or more but less than $20,000, a jury assessed a two-year state-jail term and a $7,500 fine. Meador appealed.

Meador's appointed appellate counsel has filed a motion to withdraw and an *Anders* brief, asserting that he has diligently reviewed the appellate record and that, in

his opinion, the appeal is frivolous.[1]  *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Although informed of her right to do so, Meador did not file a *pro se* brief or response.  The State waived the filing of a brief.  We will affirm.

In an *Anders* case, we must, "after a full examination of all the proceedings, [] decide whether the case is wholly frivolous."  *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991).  An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact."  *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988).

We have conducted an independent review of the record, and because we find this appeal to be wholly frivolous, we affirm the judgment.  Counsel must send Meador a copy of our decision by certified mail, return receipt requested, at Meador's last known address.  TEX. R. APP. P. 48.4.  Counsel must also notify Meador of her right to file a *pro se* petition for discretionary review.  *Id.*; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006).  We grant counsel's motion to withdraw, effective upon counsel's compliance with this notification requirement as evidenced by "a letter [to this Court] certifying his compliance."  *See* TEX. R. APP. P. 48.4.

---

[1] Meador's counsel does identify that the indictment contains a clerical error:  it omits the last digit of the year for the grand jury's July term, reading "200."  Counsel notes that no law exists that would afford Meador any relief based on this error.  Moreover, Meador's open guilty plea waived all nonjurisdictional defects.  *See Stahle v. State,* 970 S.W.2d 682, 694 (Tex. App.—Dallas 1998, pet. ref'd) ("The law in this State is well settled that a guilty plea entered without benefit of a plea bargain waives all nonjurisdictional defects occurring prior to entry of the plea."); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005).

Meador v. State                                                                                                          Page 2

                                    REX D. DAVIS
                                    Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Chief Justice Gray concurs in the judgment.  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed April 13, 2011
Do not publish
[CR25]